MERKLE v. O'NEAL.

---

MERKLE and Others *v.* O'NEAL.

A distress may be made after the tenant's death and administration granted, &c., for rent which accrued in his life-time. And the statute exempting executors and administrators from suit for a year, &c., does not apply to such case.

ERROR to the *Carroll* Circuit Court. <span>*Thursday, May 28.*</span>

SULLIVAN, J.—This was an action of replevin. There were two avowries. The first states, that one *Samuel Williams* had for one year, commencing on the 16th of *January*, 1837, and ending on the 16th of *January*, 1838, occupied a certain farm, &c., under a demise for three years,

at a rent of 1,000 dollars *per annum* payable on the first' day of *January* in each year, as the tenant of said defendants; and because the sum of 1,000 dollars became due and payable on the first day of *January*, 1838, and was in arrear and unpaid from the said *Samuel Williams*, they avow the taking said goods as a distress for rent, &c. To that avowry the plaintiff pleaded, that previous to making the distress therein mentioned, and within one year prior thereto, said *Williams* died, to wit, on, &c.; and that at the time of making said distress, administration of his goods and chattels had been granted to one *F. Dosch*.

The second avowry represents that *Samuel Williams*, for the term of one year before and ending on the 16th of *January*, 1838, and from thence until the time of his death, and his administrator *F. D.* after his death, occupied said premises as tenant to said defendants under and by virtue of a certain demise, &c.; and because the sum of 1,000 dollars was due from said *Williams* and his administrator as aforesaid, for one year's rent ending on the 16th day of *January*, 1838, they well avow, &c.

The defendants demurred to the plaintiff's plea to the first avowry, and the plaintiff demurred to the second avowry. The demurrer to the plea was overruled; the demurrer to the second avowry was sustained; and final judgment given for the plaintiff.

The question arising from the pleadings is, whether a distress will lie, after the death of a tenant, for rent which accrued in his life-time?

This question, we think, should be answered in the affirmative. The death of a tenant for years does not determine the lease, and the landlord's right to distrain continues during the whole term, and even after it is determined, provided the distress be made during the continuance of the lessor's title. Rev. Code, 1831, p. 424, sec. 11. In *England*, under the statute of 8 Anne, ch. 14, which authorizes a landlord to distrain for rent in arrear within six months after the determination of a lease, provided it be during the *possession of the tenant* from whom such arrears became due, it was held that the possession of the administrator of the tenant was the possession of the tenant, and that a distress of the goods

and chattels on the premises, might be made for the rent accruing both before and after the death of the tenant. *Braithwaite* v. *Cooksey*, 1 H. Bl. 465.—Com. Land. and Ten. 376, 7. Upon the death of a lessee of a term of years before the expiration of the lease, the administrator, if the property be not disposed of by will, becomes by law the assignee of the term; if it be devised, the law vests it in the devisee as the assignee. Com. Land. and Ten. 254. In either case, we apprehend, the landlord may distrain for the rent as it becomes due. The Court therefore erred both in overruling the first demurrer and in sustaining the second.

*May Term, 1840.*

It is suggested that the statute which exempts an executor or administrator from suit, until after the lapse of one year from the date of his appointment, applies to this case; but we do not perceive that it has any application whatever. The administrator is not a party to this suit, nor was the property distrained any part of the assets in his hands. There is therefore nothing in that objection.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. Sweetser*, for the plaintiffs.

*A. S. White* and *R. A. Lockwood*, for the defendant.